Pardee *v.* Erie City Iron Works, et al.

Argued May 11, 1973, before Judges CRUMLISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Howard N. Plate,* with him *Plate, Doyle, Kroto and Hutzelman,* for appellant.

*Norman H. Stark,* with him *MacDonald, Illig, Jones & Britton,* for appellee.

OPINION BY JUDGE WILKINSON, June 8, 1973:

The appellant, on September 18, 1966, when he was 70 years of age, while on the business of appellee, drove off the road in a one-car accident and fractured his fourth lumbar vertebra. He was paid workmen's compensation based on total disability until a supplemental agreement, dated June 29, 1967, provided for payments based on 35% disability. On July 12, 1968, appellant filed a modification petition, alleging that compensation should be reinstated at 100% disability. The referee, to whom the case was assigned, dismissed the petition on June 17, 1970. On July 21, 1970, an appeal was filed to the Board which affirmed the decision of the referee on December 14, 1972. This appeal followed.

The legal questions involved here are quite simple and have been discussd recently and reaffirmed by this Court, making further extensive discussion unnecessary.

Appellant, being the moving party, has the burden of proving, not only that he has total disability, but that the condition created by the accident for which he is entitled to compensation has changed from its previously determined extent, in this instance 35% disability on June 29, 1967. Both the referee and the Board found that any change which occurred in his amount of disability was not caused by the deterioration of the condition created by the accident. We must affirm, for this conclusion is more than amply supported by the record and clearly appellant has not met his burden of proof. *Henderson v. Air Master Corporation*, 2 Pa. Commonwealth Ct. 275, 276 A. 2d 581 (1971).

Appellant asserts that appellee had the burden of showing that work is available at 35% disability, and that appellee has not met this burden. In fact, appellee did submit evidence that work was available. However, for reasons set forth in Judge ROGER'S recent opinion in *Schrader & Seyfried, Inc., et al. v. Cerney, et al.*, 7 Pa.

Commonwealth Ct. 659, 301 A. 2d 125 (1973), there having been a previous determination of partial disability, the employer was not under the burden of showing work was available.

The referee referred specifically to the fact that he had reviewed the medical deposition of Dr. A. R. Sintzel, the doctor for the appellant. When the record was sent to this Court, in response to the certiorari to the Workmen's Compensation Appeal Board, the medical deposition was not included but was later supplied by the Board. If there were any possibility that this record could support a contrary finding by the Board, we would not hesitate to remand it, as we have in other cases, for the Board to clear any doubt that it had in fact studied the entire record. In this instance, no good purpose would be served by such a remand, for there is no medical evidence in the deposition or anywhere else in the record that there has been any deleterious change in the condition caused by the accident. Specifically, we have reviewed the medical deposition with particular care, and there is absolutely nothing in it relating to a change in the condition of appellant since the time the supplemental agreement was entered on June 29, 1967. Indeed, the Board's observation would be precisely accurate if it were modified to state that appellant presented no medical testimony nor did he present any medical evidence that was directed to the critical question in the case, i.e., the change in condition since June 29, 1967. Obviously, since appellant has moved from age 70 at the time of the accident to age 74 at the time of the hearing, and to age 77 at this time, his general ability to perform work on the labor market will have changed. That is not the issue.

Accordingly, we enter the following

ORDER

Now, June 8, 1973, the order of the Workmen's Compensation Appeal Board is affirmed, and claimant's Modification Petition No. 141,642 is dismissed.