Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and U. S. Steel Corporation, Appellees, *v.* Charles Winkleman, Appellant.

Argued March 7, 1975, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Roland J. Artigues,* with him, of counsel, *Galfand, Berger, Senesky, Lurie and March,* for appellant.

*James D. Strader,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, May 8, 1975:

This is an appeal by Charles Winkleman (claimant) from an order of the Workmen's Compensation Appeal Board (Board) sustaining a referee's partial denial of compensation benefits.

The record reveals that on July 24, 1968, claimant suffered an injury to his left great toe when he was accidentally struck by a dropped sledge hammer. The United States Steel Corporation (defendant) admitted the injury but denied that any disability resulted therefrom. A referee and the Board then denied benefits because the claimant had not availed himself of medical services offered by the defendant. Later, defendant did recognize periods of disability from the accident and placed claimant under an agreement for benefits.

Claimant subsequently filed a modification petition, which is the object of this appeal, alleging the loss of use of his great toe. He then amended his petition to claim total disability as a result of back problems that he alleged were caused by his toe injury. The referee found that claimant had lost the use of his great toe but found no other disability. The claimant appealed from that part of the decision concerning the denial of total disability, and the Board affirmed on the basis of our holding in *Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973).[1]

The referee's crucial third finding, which the Board affirmed, was that "[c]laimant sustained no other or further disability than the loss of use of his left great toe and any disability claimant had, has, may have, or may have had on August 7, 1972 or thereafter is not or was not in any way related to the injury sustained by claimant on July 24, 1968 while in the employ of the defendant."

---

1. Defendant did not appeal the finding of the loss of use of the great toe.

The main issue raised by claimant is whether or not the referee's findings, as affirmed by the Board, are consistent with each other and with his conclusions of law and with the order and can be sustained without a capricious disregard of the evidence. Claimant correctly recognizes the scope of our review. *Canterna v. United States Steel Corporation,* 12 Pa. Commonwealth Ct. 579, 317 A. 2d 355 (1974).

Our very careful reading of the record convinces us that the referee's finding that claimant's current disability is not related to the 1969 injury to his great toe cannot be sustained without a capricious disregard of competent evidence.

The two doctors called on claimant's behalf both directly related the great toe injury to his current back disability. The defendant's doctor also unequivocally acknowledged this relationship.[2] No medical or non-medical witness denied the relationship. In fact, during the hearings the defendant seems to have recognized the futility of this argument and therefore proceeded under a new theory which we shall discuss later in this opinion.

We have often held that a capricious disregard of competent evidence occurs when there is a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching a result. *Ney v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 381, 327 A.2d 402 (1974).

Applying this criterion to the present case, we find that the referee's disregard of the uncontradicted and unequivocal testimony of all three physicians, including the defendant's medical witness, concerning the causal connection between claimant's toe injury and his back disability, was such a flagrant disregard of the evidence

---

2. Admittedly, the record contains a conflict of medical testimony as to the extent of claimant's disability.

as to be repugnant to a man of reasonable intelligence. *Ney,* supra. We must therefore conclude as a matter of law that the referee did capriciously disregard competent evidence in his findings concerning the relationship between the back disability and the original injury. Normally then, under these circumstances, we would be compelled to reverse the Board and to order compensation. *Ney, supra.*

However, during the hearing before the Board, and before this Court, the defendant has raised an additional issue, unresolved by the referee or Board, that compels us to remand this case for additional findings. In essence, the contention of defendant is that the claimant was not totally disabled by his back problems.[3] Indeed, all of defendant's evidence, after the critical testimony of defendant's medical witness, is premised on this supposition.[4] It is unclear whether claimant was prepared for this line of attack, and it is perfectly clear that the referee did not consider this matter in his findings. Due to this lack of complete testimony and because of the failure of the referee to respond at all to defendant's contentions, we are compelled to issue the following

ORDER

AND NOW, this 8th day of May, 1975, the order of the Workmen's Compensation Appeal Board which denied Charles Winkleman benefits for total disability is set aside, and it is hereby ordered that the record in this proceeding be remanded to the Workmen's Compensation Appeal Board which shall direct a further hearing to determine upon the enlarged record the extent of claimant Charles Winkleman's disability.

---

3. This is a permissible response to a modification petition.

4. The main portion of defendant's brief deals with this matter, and it is evident that defendant abandoned the "relation" argument early in the hearings.