Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Jane Frombach *v.* Bali Bra Manufacturing Co. and Hartford Insurance Company, Appellants.

644

Argued June 9, 1977, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*James S. Routch,* with him *Philip W. Savitz,* and *Patterson, Evey, Routch, Black & Behrens,* for appellants.

No appearance or brief for appellees.

OPINION BY JUDGE BLATT, September 19, 1977:

The Bali Bra Manufacturing Company (Bali) and its insurance carrier have appealed from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's dismissal of Bali's petition to terminate workmen's compensation benefits. The awardee had sustained a back injury on August 3, 1973 while employed by Bali and had entered into a

compensation agreement with her employer for total disability benefits. On October 23, 1974, however, Bali filed a Petition for Termination alleging that the awardee's disability ceased as of June 17, 1974. After a hearing, the referee found that Bali had not presented sufficient evidence to indicate that the awardee's disability had ceased and denied the termination petition. The Board, reasoning that the referee had resolved the conflicting medical evidence in her favor, affirmed the referee's order. Bali has appealed to this Court contending that the admission into evidence of certain medical reports constituted an error of law and that the compensation authorities capriciously disregarded competent evidence in denying its termination petition.

The employer has the burden of proving that an employe's disability has ceased, and, where the employer has not prevailed below, our scope of review is limited to a determination of whether or not the findings of fact are consistent with each other and with the conclusions of law and whether or not these findings can be sustained without a capricious disregard of competent evidence. *Workmen's Compensation Appeal Board v. Kelly Steel Erectors, Inc.*, 25 Pa. Commonwealth Ct. 329, 361 A.2d 478 (1976).

Our review of the record here confirms that certain medical reports were sent to the referee by counsel for the awardee and that the referee admitted these reports into evidence, apparently without providing Bali's counsel with an opportunity to object to their admission. Although these reports cannot be considered competent evidence on which the referee could base his findings of fact, in view of our limited scope of review, we must nevertheless affirm the referee, if his findings can be sustained on the basis of other competent evidence and without a capricious disregard of Bali's evidence to the contrary.

Here, in addition to the medical reports to which Bali now objects, the record also contains the testimony of two physicians. Bali's medical expert testified that the awardee had no residual disability at the time of his examination of her and that, in his opinion, she could at that time have returned to work. Her orthopedic surgeon testified that she continues to experience pain which is aggravated by activity and that this pain would render her incapable of the lifting required to perform her previous job.[1] The referee obviously chose to believe the orthopedic surgeon in finding that "[t]he claimant is unable to return to her former position with her present employer because she is unable to perform any job that requires lifting of over ten pounds, and still suffers pain as a result of the strained back injury." We cannot say the workmen's compensation authorities have capriciously disregarded competent evidence merely because they have rejected some competent evidence which conflicts with other, equally competent, evidence. *Brewer v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 187, 329 A.2d 323 (1974).

We have carefully reviewed the record in this case, and we are unable to conclude that either the referee or the Board capriciously disregarded competent evidence in finding that the awardee's disability had not terminated. The decision of the Board is, therefore, affirmed.

Judge KRAMER did not participate in the decision in this case. *See* Pa. R.A.P. 3102(d).

---

[1] Bali's counsel did not object to the physician's testimony that the awardee experiences pain. Testimony based on a doctor's personal observation that a patient suffers pain is competent evidence which may be weighed by the fact-finder. *Laurelli v. Shapiro,* 416 Pa. 308, 206 A.2d 308 (1965).

## Order

And Now, this 19th day of September, 1977, the order of the Workmen's Compensation Appeal Board, dismissing the petition to terminate benefits to Jane Frombach, is hereby affirmed.