Joseph H. Warr, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Zurn Industries, Respondents.

Argued June 5, 1978, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*John M. Quinn, Jr.,* with him *Quinn, Gent, Buseck and Leemhuis, Inc.,* for petitioner.

*Howard N. Plate,* with him *Plate, Doyle, Hutzelman and Berlin,* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE CRUMLISH, JR., September 1, 1978:

Joseph H. Warr (Claimant) has appealed the decision of the Workmen's Compensation Appeal Board which affirmed the referee's dismissal of his petition

for modification of an earlier benefits award. Claimant had sought to have an award of 50% partial disability modified to total disability. We affirm.

A brief review of the complex history is necessary. Claimant slipped and fell while at work at Zurn Industries, Inc. (Company) on June 14, 1965, injuring his lower back and neck. The parties entered into a compensation agreement which was supplemented and amended several times in manners not here relevant. In January, 1968, the Company's insurance carrier filed a termination petition which was granted by the referee. However, on July 24, 1969, the Board reversed the referee, and found as fact that Claimant was suffering a 50% anatomic disability, but suspended the Company's obligation to make payments on the condition that it make a suitable job available to Claimant. Compensation was subsequently reinstated as of August 20, 1970, under a stipulation incorporated into a referee's award. In June, 1973, Claimant filed this petition, alleging that he was totally disabled as of June 1, 1971, which date he subsequently amended to December 13, 1972. Testimony was adduced from two physicians on behalf of the Company and one who testified for Claimant. In his decision, the referee found that any change which had occurred in the amount of Claimant's disability was not caused by a deterioration of the condition created by the accident of June 14, 1965, but rather was due to unrelated causes. The petition was dismissed. The Board affirmed and Claimant brought the case here.

It is settled beyond question that our review in workmen's compensation cases is limited to a determination of whether constitutional rights were violated, an error of law was committed or any necessary findings of fact are unsupported by substantial evidence. *Universal Cyclops Steel Corp. v. Krawczynski,*

9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). An employee seeking to modify a workmen's compensation agreement from one for partial disability benefits to one for total disability has the burden of proving not only that he is totally disabled but that the condition created by the accident giving rise to the right to compensation has changed from the extent determined by the original agreement. *Pardee v. Erie City Iron Works,* 9 Pa. Commonwealth Ct. 253, 305 A.2d 741 (1973). When, as here, the Board's decision is against the party with the burden of proof, we may reverse only if we conclude that the findings are inconsistent with one another or with the conclusions of law or that the Board capriciously disregarded competent evidence. *Rice v. A. Steiert & Sons, Inc.,* 8 Pa. Commonwealth Ct. 264, 301 A.2d 919 (1973).

We find no inconsistency in the referee's findings or between the findings and the conclusions (which the Board affirmed) and, after thoroughly reviewing the testimony of the three physicians, cannot conclude that the referee or the Board capriciously disregarded competent evidence. Claimant relies upon *Workmen's Compensation Appeal Board v. Winkleman,* 19 Pa. Commonwealth Ct. 33, 339 A.2d 647 (1973), in which we held that a referee's disregard of uncontradicted and unequivocal medical testimony concerning the causal connection between an injury and a subsequent disability constitutes a capricious disregard of competent evidence requiring reversal. That reliance is misplaced since here the testimony of Claimant's doctor was equivocal and contradicted by that of one Company physician.

The fact that Claimant is now totally disabled is undisputed, the sole issue being whether the increased disability was caused by the accident on the job. Dr. Druckmiller testified for the Company that Claimant

suffered from generalized, degenerative arthritis which affected his cervical, thoracic and lumbar spine, he suffered from a shaking right hand, he had had three heart attacks and frequent bouts with pneumonia, and that he had several other maladies, none of which were caused by the accident but all of which contributed to his disability. After he had reviewed all of Claimant's physical problems, Dr. Druckmiller was asked,

> Doctor, what if any professional opinion would you have, without putting a percentage of disability between the accident and the non accident related disability, what opinion would you have as to whether he is, when you saw him February 15, 1974, totally disabled as a result of the accident of June 14, 1965?

The doctor replied,

> I would say that very little of that total disability is due to the accident of 1965.

This statement necessarily implies that Claimant's accident-related disability had not increased beyond 50%. On the other hand, Dr. Schuster, Claimant's physician, while stating that the injuries for which he had been treating Claimant were related to the 1965 accident, was "not certain" and "did not know" whether Claimant also had any non-accident related disabilities.

It is obvious to us that from this and from all the medical evidence that Dr. Schuster's testimony lacked the clarity, certainty and conviction that would warrant its being characterized as unequivocal and, further, that any implication from his testimony that Claimant's total disability resulted from the 1965 accident was contradicted by Dr. Druckmiller's statement which almost entirely negated the accident as a cause of Claimant's disability. The referee, therefore,

did not commit a capricious disregard of competent evidence, as defined in *Workmen's Compensation Appeal Board v. Winkleman, supra.* The disagreement between the two physicians as to the cause of Claimant's disability presented a question of credibility, the resolution of which was exclusively within the province of the referee, *Steele v. Workmen's Compensation Appeal Board*, 36 Pa. Commonwealth Ct. 352, 387 A.2d 1339 (1978), and since he did not capriciously disregard competent evidence, we may not review his judgment further.

Claimant also alleges that the referee's findings were inadequate and that the Board therefore erred in affirming those findings. We disagree. Our review convinces us that the referee's decision was more than adequate in setting forth all *necessary* findings.

Accordingly, we

ORDER

AND Now, this 1st day of September, 1978, the decision of the Workmen's Compensation Appeal Board dated March 31, 1977, dismissing the petition for modification of Joseph A. Warr is affirmed.