Bertha Redmond, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Anthony Fashions, Respondents.

Argued September 11, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Michael J. Cefalo,* with him *Barry A. Yelen,* for petitioner.

*David W. Saba, Hourigan, Kluger & Spohrer, Assoc.,* for respondents.

OPINION BY JUDGE ROGERS, October 2, 1980:

This is Bertha Redmond's appeal from an order of the Workmen's Compensation Appeal Board (Board) denying her workmen's compensation benefits. We affirm.

Mrs. Redmond filed a claim petition alleging that she injured her back in the course of her duties as a sewing machine operator, more particularly, while moving a bundle of dresses. Medical examination revealed a herniated spinal disc and it is uncontested that, at the time of the hearing before the referee in September 1978, Mrs. Redmond was disabled.

However, the evidence before the referee as to the origin of the injury was conflicting. One physician, to whom she gave a history, testified that Mrs. Redmond had attributed her injury to moving a bundle of dresses while another physician testified that Mrs. Redmond blamed her injury on a fall in the bathtub. A notation attached to Mrs. Redmond's x-rays produced by Mrs. Redmond recorded that the cause was the lifting of a heavy box. There was also a discrepancy as to the date of the injury but the Board believed this to have no significance and so do we. The referee concluded that in light of the inconsistencies as to causation in the record, Mrs. Redmond had not met her burden of proving a job related injury and the Appeal Board agreed with this decision.

On this appeal Mrs. Redmond contends that the decisions of the referee and the Appeal Board both lack substantial evidentiary support and must have been arrived at by capriciously disregarding competent evidence in the record. We cannot agree.

It is settled that it is not for this court to resolve conflicts in the testimony or to assess the credibility of witnesses. *Workmen's Compensation Appeal Board v. Vitello*, 33 Pa. Commonwealth Ct. 172, 380 A.2d 1326 (1977). The referee is the ultimate fact finder in our system of resolving workmen's compensation disputes. *Smith v. Workmen's Compensation Appeal Board*, 40 Pa. Commonwealth Ct. 117, 396 A. 2d 905 (1979); *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). Where, as here, the referee has simply chosen to believe the testimony of one doctor over that of another he cannot be said to have capriciously disregarded competent evidence. *St. Denis v. Workmen's Compensation Appeal Board*, 29 Pa. Commonwealth Ct. 375, 371 A.2d 252 (1977). The testimony of the doctor who testified that Mrs. Redmond had, while hospitalized and in response to treatment-related questioning, attributed her injury to a bathtub accident was sufficient evidence to support a finding that her injury was not job related.

We must also reject Mrs. Redmond's contention that an inference favorable to her position should have been drawn from the failure of opposing counsel to elicit the testimony of her employer; allegedly a witness to the incident as described in the claim petition. Of course Mrs. Redmond could have obtained this testimony herself if she believed it necessary to the referee's deliberations. "The ordinary rule, therefore, [is] applicable, namely, that where a witness is equally available to both parties, no unfavorable inference can be asserted by either against the other for

failure to call him. . . ." *Haas v. Kasnot,* 377 Pa. 440, 443, 105 A.2d 74, 76 (1954). *See Redevelopment Authority of the City of Philadelphia v. Cohen,* 31 Pa. Commonwealth Ct. 173, 179-180, 375 A.2d 881, 885 (1977).

In sum, the petitioner presents reasons why the referee should have disregarded the evidence unfavorable to her case and accepted that which would support her claim, but these arguments go to the credibility and weight of the evidence which were within the province of the referee. *D & T Brooks, Inc. v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 223, 392 A.2d 895 (1978). We can only repeat that: " [T]his court will not determine the probative value of testimony even if, on the same record, it might have reached a different result." *Workmen's Compensation Appeal Board v. Baldwin-Lima- Hamilton Corp.,* 24 Pa. Commonwealth Ct. 403, 406, 356 A. 2d 375, 377 (1976).

Accordingly, we enter the following

ORDER

AND Now, this 2nd day of October, 1980, the order of the Workmen's Compensation Appeal Board, dated August 2, 1979, affirming the referee's denial of benefits is affirmed.