Cleo V. Hill, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and City of Philadelphia, Respondents.

Submitted on briefs, February 2, 1981, to Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Cleo V. Hill,* petitioner, for herself.

*Denise Rae Scott,* Assistant City Solicitor, with her *Judith N. Dean,* Deputy City Solicitor, and *Alan J. Davis,* City Solicitor, for respondent, City of Philadelphia.

OPINION BY JUDGE PALLADINO, May 20, 1981:

Claimant Cleo V. Hill appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's termination of Claimant's petition for compensation. We affirm the Board's order.

On July 12, 1968, Claimant was injured as the result of a work-related accident that occurred in the course of her employment. From July 15 to July 19, 1968, Claimant was paid "sick leave." From July 22 to September 6, 1968, Claimant was given full pay

and was carried by her Employer as "injured on duty time."[1] The monies Claimant thus received were not within the purview of the Pennsylvania Workmen's Compensation Act (Act)[2] since the Act provides that an injured employee can only obtain workmen's compensation benefits pursuant to either a Section 407[3] compensation agreement made with the employer or a Section 410[4] claim filed with the Board. *Crucible Steel Co. of America v. Workmen's Compensation Appeal Board*, 9 Pa. Commonwealth Ct. 269, 306 A.2d 395 (1973).

Claimant first sought workmen's compensation benefits on November 7, 1969, when she filed a claim petition with the Board. Under the Act Claimant then had the burden of proving a compensable injury. *Halaski v. Hilton Hotel*, 487 Pa. 313, 409 A.2d 367 (1979); *Leaseway Systems, Inc. v. Workmen's Compensation Appeal Board*, 53 Pa. Commonwealth Ct. 520, 418 A.2d 796 (1980). After numerous hearings, the referee concluded that Claimant had not established that her accident of July 12, 1968, had produced an injury which continued beyond September 6, 1968,[5] the date on which Claimant last received full pay as "injured on duty time."[6] Therefore, Claimant was denied benefits.

---

[1] Referee's Finding No. 5 and Referee's Conclusion of Law of April 24, 1973.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 *et seq.*

[3] Section 407 of the Act, 77 P.S. §731, requires a written agreement signed by the parties in interest.

[4] Section 410 of the Act, 77 P.S. §751.

[5] "The Referee further concludes as a matter of law that the claimant although injured on July 12, 1968, to some slight degree, has adequately recovered, . . ." Referee's Conclusion of Law of April 24, 1973.

[6] "[T]he claimant received her full wages in lieu of compensation from July 22, 1968 until September 6, 1968." Referee's Finding No. 8 of April 24, 1973.

In this appeal Claimant contends that the referee not only capriciously disregarded competent evidence of Claimant's continuing disability but also improperly relied upon the medical report of Dr. Stein, an orthopedic surgeon who testified for Claimant's Employer. Because the party with the burden of proof (Claimant) did not prevail below, the Court's scope of review consists of determining whether the referee's findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 57, 423 A.2d 1142 (1981); *Children's Aid & Family Services v. Workmen's Compensation Appeal Board,* 53 Pa. Commonwealth Ct. 379, 417 A.2d 1297 (1980).

The referee heard and evaluated the conflicting testimony of several witnesses including Dr. Stein (Employer's witness), Claimant, Claimant's neighbor, and Dr. Cohen (Claimant's physician).

Based upon his examination of Claimant on November 11, 1970, and July 18, 1971, Dr. Stein testified that "it is fairly clear that there is a voluntary restriction on the part of" Claimant with respect to her range of motion. Dr. Stein further stated that Claimant's restricted movement "is a malingering type of thing. It is not explanable [sic] on the basis of subconscious reaction." Claimant "exhibits a hypochondriacal type of reaction to a minimal injury. She complains of everything everywhere. Her complaints do not follow organic patterns. . . ."

Appearing on her own behalf, Claimant described a range of pains and disabilities including the diminished usefulness of her left hand. Claimant's testimony was corroborated by the statements of her neighbor and by the averments of her physician, Dr. Cohen. Based upon his treatment of Claimant over

a three-year period ending in 1971, Dr. Cohen asserted that Claimant was "not a malingerer" because Claimant's "condition, although psychological, [was] a real condition" to Claimant. Dr. Cohen theorized that Claimant was paralyzed as the result of a trauma secondary to her accident. Dr. Cohen additionally testified that Claimant had ignored his recommendation to seek psychiatric counseling to alleviate her condition.

Citing *Holobinko v. Moshannon Smithing Coal Co.*, 145 Pa. Superior Ct. 489, 21 A.2d 440 (1941), Claimant argues that a neurosis or mental disturbance, resulting from a work-related injury is compensable. In *Holobinko* the court held that the lack of physical signs of harm and the absence of substantiating medical testimony did not compel a finding that a worker had not suffered a compensable injury. Thus, Claimant postures that her subjective complaints are evidence of a compensable neurosis. However, in *Holobinko* the court also declared that "there is always a possibility that subjective symptoms are feigned, [and] the credibility of a claimant in testifying to such matters is for the fact-finding bodies. . . ." *Id.* at 497, 21 A.2d at 443.

In workmen's compensation cases where the Board has not taken additional evidence, the referee is the ultimate fact-finder. *Redmond v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 162, 420 A.2d 766 (1980). It is the province of the referee to assess the credibility of the witnesses and weigh the evidence. *Republic Steel Corp., supra; Redmond, supra.* This Court "cannot say the workmen's compensation authorities have capriciously disregarded competent evidence merely because they have rejected some competent evidence which conflicts with other, equally competent evidence." *Workmen's Compensation Appeal Board v. Bali Bra Manufactur-*

*ing Co.,* 31 Pa. Commonwealth Ct. 643, 646, 377 A.2d 1036, 1038 (1977). In the instant case the referee elected to accept the medical opinion of Employer's doctor rather than that of Claimant's physician. "Where . . . the referee has simply chosen to believe the testimony of one doctor over that of another he cannot be said to have capriciously disregarded competent evidence." *Redmond,* 54 Pa. Commonwealth Ct. at 162, 420 A.2d at 768; *accord, Kantner v. Reading Anthracite Co.,* 50 Pa. Commonwealth Ct. 437, 413 A.2d 30 (1980).

Alternately, Claimant contends that if the referee's factual findings and legal conclusions do not capriciously ignore competent evidence advanced by Claimant, then they are erroneously founded upon Dr. Stein's medical report which was improperly offered into evidence by Claimant's Employer.

Finding No. 7 contained in the referee's decision of April 24, 1973, quotes Dr. Stein as stating that Claimant "continued to show tremendous overreaction with little or no objective pathology . . . and it is becoming increasingly evident that . . . [Claimant] . . . has not suffered any organic damage but . . . is attempting to mislead the examiner. . . ." However, as of April 24, 1973, Dr. Stein had not personally testified before the referee. Finding No. 7 was based upon a medical report which had been written by Dr. Stein but which had not been introduced into evidence at the hearings before the referee.

On May 14, 1976, in an opinion[7] ably rendered by The Honorable ROY WILKINSON, JR., (now Justice WILKINSON) this Court noted the necessity of "further proceedings [before the workmen's compensation authorities] to have Dr. Stein's report properly

---

[7] *Hill v. City of Philadelphia,* 24 Pa. Commonwealth Ct. 611, 357 A.2d 227 (1976).

introduced into the record'' and to provide Claimant with an opportunity to cross-examine Dr. Stein. Pursuant to the Court's decision, Dr. Stein appeared before the referee on December 7, 1976, and read extensively from his medical report. Through her counsel, Claimant cross-examined Dr. Stein at length. Nevertheless, Dr. Stein's medical report was not entered into the record.

At a hearing on March 6, 1979, Employer moved to enter Dr. Stein's medical report into the record. Because Dr. Stein was not present to introduce his report, Claimant, through her counsel, vigorously protested. Shortly after the hearing was concluded, but while all the parties were still present, Employer's counsel discovered that Dr. Stein was available to testify. Although advised that Dr. Stein would testify, Claimant's counsel left without explanation. Before the referee Dr. Stein appeared and stated that the report which Employer wanted to offer into evidence was the report from which Dr. Stein had testified in 1976. The referee then formally admitted the medical report into the record.

Despite the awkward introduction of the report into evidence, Claimant was not prejudiced. Section 422 of the Act, 77 P.S. §834, states that "[n]either the board . . . nor any referee shall be bound by the common law or statutory rules of evidence . . . but all findings of fact shall be based upon competent evidence to justify same."[8] Even if the referee improperly relied on the medical report, this Court "must nevertheless affirm the referee, if his findings can be sustained on the basis of other competent evidence. . . ." *Bali Bra Manufacturing Co.*, 31 Pa. Commonwealth Ct. at 645, 377 A.2d at 1037. The referee's Finding No. 7 of April 24, 1973, and Dr.

---

[8] *See also* 2 Pa. C. S. §505.

Stein's oral testimony of December 7, 1976, were substantially identical. As the Board indicated in its opinion of October 5, 1978, Dr. Stein's oral testimony ''would be sufficient to sustain the Referee if he chose to rely on the testimony rather than the report.''

Furthermore, Claimant, through her counsel, not only thoroughly cross-examined Dr. Stein on December 7, 1976, with respect to his oral testimony, but also was offered, and subsequently rejected, the opportunity to question Dr. Stein with regard to the admission of his report on March 6, 1979.

Accordingly, we will enter the following

ORDER

AND Now, May 20, 1981, the decision of the Workmen's Compensation Appeal Board, Docket No. A-76929, dated January 24, 1980, is hereby affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.