William E. Sayre, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Interstate Dress Carriers, Inc., Respondents.

Argued February 4, 1982, before President Judge CRUMLISH and Judges ROGERS and DOYLE, sitting as a panel of three.

*Edward E. Hosey,* for petitioner.

*Wilbur C. Creveling, Jr.,* for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., June 4, 1982:

The Workmen's Compensation Appeal Board denied William Sayre's petition for reinstatement of benefits. He appeals; we affirm.

The sequence of events leading to this contention is:

    1) In June 1977 Sayre injured his right arm.

    2) Benefits were awarded and received until July 1977.

3) On August 22, 1977, a final receipt in termination of July 1977 was executed.

4) In August, Sayre began experiencing back pains.

5) In February 1978 tests were performed revealing a herniated disc.

6) In July 1978 the disc was surgically removed.

7) In August 1978 Sayre filed a claim for benefits, alleging that his herniated disc was the result of the original injury in June 1977.

The referee, upon agreement of counsel, treated this as a petition to set aside a final receipt. The petition was denied, the referee concluding that Sayre had failed to meet his burden of proof. From the Board's affirmance, this appeal comes to us.

Sayre, the moving party, has the burden to prove "by clear and convincing evidence that all disability attributable to the prior work related injury had not in fact terminated when the final receipt was executed." (Citation omitted.) *Snyder v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 227, 229, 412 A.2d 694, 695 (1980).

Our scope of review where the party having the burden of proof has not prevailed below is limited to determining whether the "referee's findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence." (Citations omitted.) *Hill v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 219, 222, 429 A.2d 771, 772 (1981). Where the Board has taken no additional testimony, "the referee is the ultimate factfinder." *Id.* at 223, 429 A.2d at 773.

The referee heard the testimony of Sayre and considered depositions from the medical experts for both

parties. He chose to accept the conclusion of Sayre's physician that the back and neck condition was not the result of the original injury in June. The referee, in making this finding, noted the discrepancy in Sayre's recitation of when the back pains began to occur[1] and the difference in Sayre's medical expert's conclusions based on the different dates.

It is the sole province of the referee to determine issues of credibility. For us to find a capricious disregard of competent evidence by the referee in making this determination "we must determine that he wilfully and deliberately disbelieved an apparently trustworthy witness whose testimony one of ordinary intelligence could not possibly challenge." *Snyder* at 229, 412 A.2d at 695. The record not only reveals discrepancies in Sayre's evidence as to when his back began to bother him, but there is an honest disagreement between the medical experts as to whether there was a causal relationship between the original injury to Sayre's arm and his subsequent back problems.

Affirmed.

ORDER

The decision of the Workmen's Compensation Appeal Board, No. A-79620, dated April 23, 1981, is affirmed.

Judge MENCER did not participate in the decision in this case.

---

[1] In Finding of Fact No. 4 the referee noted that Sayre's physician's opinion that his back problems were causally related to the original injury was based on the history given by Sayre. That history included the fact that the back pains began in June. However, before the referee, Sayre testified that his pains had not begun until August. Based on a hypothetical question to Sayre's physician which included a recitation that the pains began in August, Sayre's physician testified that, had the pains indeed begun in August, then it would be hard for him to conclude that Sayre's back problems were causally related to the original injury.