Elizabeth Thompson, Widow of Lamar Thompson, Petitioner v. Workmen's Compensation Appeal Board (Swatara Coal Company and Commonwealth of Pennsylvania), Respondents.

Argued September 16, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Stephen P. Ellwood,* with him *Lester Krasno,* for petitioner.

*Timothy G. Lenahan, Lenahan & Dempsey, P.C.,* for respondent, Swatara Coal Company.

*Lisa Roth,* Assistant Counsel, for respondent, Workmen's Compensation Appeal Board.

OPINION BY JUDGE BLATT, February 3, 1983:

Elizabeth Thompson (claimant) seeks reversal of the order of the Workmen's Compensation Appeal Board (Board) which denied her compensation for the death of her husband, Lamar Thompson. She alleges two errors: 1) that the referee and the Board incorrectly found that there was no unequivocal medical testimony that her husband died as a result of his occupational disease and, 2) that she has met her burden of proof in establishing dependence upon the decedent by substantial competent evidence.

The claimant contends that her husband's death was the result of anthracosilicosis caused by his exposure to a silica hazard during his 30-year employment with the Swatara Coal Company. In support of

this contention, she submitted two letters from Dr. Benjamin B. Platt, who had been treating the decedent since his original myocardial infarction in October of 1974. In his first letter, Dr. Platt opined that "the anthracosilicosis was a contributing factor by placing an additional burden on his already compromised heart. The anthracosilicosis aggravated his cardiac condition." In his second letter, Dr. Platt opined that "anthracosilicosis was a substantial contributing factor in the claimant's [sic] death by placing an additional burden on his already compromised heart."

The claimant, in order to recover benefits under Section 301(c)(2) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411, has the burden of proving that the decedent's death resulted from an occupational disease. And, as we noted in *Evon v. Workmen's Compensation Appeal Board,* 70 Pa. Commonwealth Ct. 325,     A.2d    (1982),

> [T]he statutes do not exclude death as compensable where the occupational disease is the contributory or accelerating cause. The important factor is that there shall be a causal relationship between the disease and the death or disability.

While our review of the record persuades us that the decedent died as a result of his occupational disease, our analysis of this case, of course, must include the consideration of Section 307 of the Act, 77 P.S. §562, which provides in pertinent part:

> No compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him and receiving from him a substantial portion of her support.

The referee found in this case that the "evidence of record, as of prior lifetime claim, indicates Elizabeth

Thompson was separated from decedent-husband and was living elsewhere.'' She contends, however, that there is no basis in the record to support such a finding,[1] and moreover, that all of the evidence in the record actually supports her assertion that she had, in fact, lived with the decedent since their marriage in 1924 and lived with him at the time of his death. The *only* reference in the record to the alleged separation came from the referee, when he asked the claimant:

Q  Mrs. Thompson, do you know of any reason why your husband would have testified in the prior proceeding that he was not living with you in '76?

A  No, I don't.

Aside from this question, however, which was based on a prior proceeding having no documentation in the record in this case, there is no evidence in the record to support the finding that the claimant was not living with her husband. Additionally, the alleged prior proceeding to which the referee referred was in 1976, and the decedent died in June of 1978, almost two years later.

We will reverse the order of the Board and remand for the computation of benefits.

### ORDER

AND Now, this 3rd day of February, 1983, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed and the matter is remanded for the computation of benefits.

---

[1] Where, as here, the party with the burden of proof did not prevail below, our scope of review is limited to a determination of whether or not the factual findings are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Hill v. Workmen's Compensation Appeal Board*, 59 Pa. Commonwealth Ct. 219, 429 A.2d 771 (1981).