Joseph J. Warnas, Petitioner *v.* Workmen's Compensation Appeal Board (Southeastern Pennsylvania Transportation Authority, Known as SEPTA), Respondents.

Submitted on briefs September 12, 1983, to President Judge Crumlish, Jr. and Judges Barry and Blatt, sitting as a panel of three.

*Joseph J. Warnas,* petitioner, for himself.

*John C. McFadden,* with him *Paul V. Tatlow,* for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., October 6, 1983:

Joseph Warnas appeals a Workmen's Compensation Appeal Board denial of his petition to set aside a final receipt. We affirm.

On August 21, 1977, Warnas sustained a work-related injury and received benefits. On November 3, 1977, he executed a final receipt and returned to work the following day. On December 30, 1977, he was discharged for exhausting his sick leave. On June 23, 1978, he filed a claim petition which was subsequently amended to a petition to set aside the final receipt. The petition was denied.

Section 434 of The Pennsylvania Workmen's Compensation Act[1] provides:

A final receipt, given by an employe . . . entitled to compensation under a compensation agreement notice or award, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement notice or award: Provided, however, That

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1001.

a referee . . . may, at any time within three years from the date to which payments have been made, set aside a final receipt, upon petition filed with the department . . . if it be shown that all disability due to the injury in fact had not terminated.

Warnas must prove "by clear and convincing evidence that all disability attributable to the prior work related injury has not in fact terminated when the final receipt was executed." *Snyder v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 227, 229, 412 A.2d 694, 695 (1980).

Warnas contends that the referee capriciously disregarded competent evidence. For us to find a capricious disregard of competent evidence, we must determine that the referee willfully and deliberately disbelieved an apparently trustworthy witness whose testimony one of ordinary intelligence could not possibly challenge. *Sayre v. Workmen's Compensation Appeal Board,* 67 Pa. Commonwealth Ct. 68, 71, 445 A.2d 1362, 1363 (1982).

The referee was not persuaded that Warnas suffered residuals of the work-related injury after signing the final receipt. In fact, the referee noted that Warnas had withheld history of a prior injury from examining doctors, including the doctor who testified in his behalf. Additionally, the referee noted inconsistencies in Warnas' testimony. "Questions concerning credibility of witnesses, the resolution of conflicts in the testimony, and the weight to be given the evidence, are matters for determination by the referee, not this Court." *Snyder,* 50 Pa. Commonwealth Ct. at 229, 412 A.2d at 695. Accordingly, the referee did not capriciously disregard competent evidence on the record.

Affirmed.[2]

ORDER

The order of the Workmen's Compensation Appeal Board, No. A-82706 dated November 26, 1982, is hereby affirmed.

---

[2] Warnas also questions on appeal the constitutionality of the discretion vested in the referee under the Act. Warnas has provided no basis for this contention and, thus, we reject it.