516 A.2d 128

David Ziegler, Petitioner *v.* Workmen's Compensation Appeal Board (Oxford Mills), Respondent.

Submitted on briefs September 11, 1986, to Judges DOYLE and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Timothy P. Ruth, Stock and Leader,* for petitioner.

*Douglas B. Marcello, Mancke, Lightman and Wagner,* for respondents, Oxford Mills and Home Insurance Company.

OPINION BY JUDGE BARRY, October 21, 1986:

This appeal results from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying benefits to the claimant, David Ziegler. The employer, Oxford Mills, is the respondent in the present case.

As found by the referee, claimant alleged an injury to his back and neck at work when he attempted to close with a jerking motion a locked lever on a winding spool of fiberglass yarn coating machine. This movement, claimant has maintained, caused "an immediate sharp shocklike pain from his neck down his right arm." As also found by the referee, "claimant reported the incident to his foreman, and his foreman advised claimant to report back to him and complete an accident report if the pain persisted." *Finding of Fact # 4.*

Claimant, however, completed his shift and then went on a vacation. About two months later claimant visited a physician "since the pain in his neck had increased,"and was instructed by the physician not to return to work. That instruction was given pursuant to the diagnosis of "cervical sprain and nerve root irritation with early degenerative disc disease at C5-6 and C6-7 level, of his back." Thereafter, on January 30, 1984, claimant filed a petition for benefits and medical expenses. This was some five months after the incident, and the referee concluded that the claim petition constituted the first notice of injury. Because 120 days had

elapsed, the referee dismissed the claim for failure to comply with the mandatory notice requirements of sections 311-313 of the Workmen's Compensation Act (Act).[1]

The Board affirmed, concluding, as had the referee, that there had not been proper notice. Claimant then initiated the present petition for review.

Our scope of review in the present matter is limited to determining whether there has been a capricious disregard of competent evidence, whether an error of law was committed, or whether constitutional rights have been violated. *Warr v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 370, 390 A.2d 899 (1978). Claimant has successfully preserved and advances here the argument that the referee erred in concluding that notice was not given. We agree with that assertion, and hence reverse and remand for consideration and factual findings with respect to the substantive aspects of the claim.

The referee's reasoning behind his legal conclusion that no notice was effectively communicated is included in his second conclusion of law, in which he declared that "[c]laimant did not advise his foreman on August 19, 1983, the date of the alleged incident, *as instructed,* or on any other date." *Id.* (emphasis added). The Board, meanwhile, stated that

> we feel that the supervisor apparently knew the claimant had hurt his neck, but it is unclear whether he also knew what type of accident had occurred and whether or not it occurred in the course of employment. We feel that unless the supervisor had actual knowledge of all the above elements, the notice requirements of the law have not been satisfied.

*Board Decision* at 3.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§631-633.

Neither of these mutually exclusive grounds for finding no notice, however, are supportable under the law and the record of the present case. With respect to the *referee's* conclusion, there is no further duty required of a claimant in terms of notice but that he inform the employer, section 311,[2] or one of its authorized agents, section 313,[3] of the injury, and that such injury occurred in the course and scope of employment. Section 312.[4] There is no doubt that this was done here.[5] That the employer may have had further internal procedures with respect to the reporting of accidents is totally irrelevant in terms of the notice obligations of employees under the Act. The claimant, in short, was not obliged to again report the incident in order to potentially qualify for benefits.

---

[2] 77 P.S. §631.

[3] 77 P.S. §633.

[4] 77 P.S. §632.

[5] The pivotal testimony in this regard, which was found credible by the referee, is as follows:

[Counsel for Petitioners]: What did you tell [the foreman, Phil Horn]?

[Petitioner]: Just exactly what I told you, that this thing got stuck . . . and I jerked it closed and I thought I hurt myself; and then he came up and showed me exactly what this thing was. . . .

. . . .

[Counsel for Petitioner]: Did you tell him any other details about the accident?

[Petitioner]: Yes. I told him just what I said . . . [,] [that] when I did that, like, this electric, you know, kind of shock went out my arms and stuff, and I could tell immediately something was wrong, and I told him right away.

. . . .

[Counsel for Petitioner]: After you told Mr. Horn . . . about the incident, what did he tell you?

[Petitioner]: [He replied:] '[L]et me know if anything becomes of it and we'll fill out an accident report. . . .

N.T., 5/10/84, at 18-20. This account was verified by the foreman himself. *See id.* at 59.

This rule is totally consistent with the purpose of the notice requirement, which is to protect the employer from "stale claims"—allegations of disabilities stemming from old accidents or injuries not subject to a full and complete investigation and verification. *See Bertrand P. Tracy Co. v. Workmen's Compensation Appeal Board (Boles),* 93 Pa. Commonwealth Ct. 68, 70, 500 A.2d 513, 514 (1985); *Padilla v. Chain Bike Corp.,* 27 Pa. Commonwealth Ct. 190, 192, 365 A.2d 903, 904 (1976). In the present case that employer concern was not at issue. Claimant communicated an immediate and effective notice fully enabling the employer to investigate and/or verify the claim.

To require the claimant to *repeat* his notice is also at odds with an underlying purpose of the Act, which is, of course, to *enhance* the possibilities of injured workers to gain compensation for their injuries. *See Jester v. Electric Power Constr. Co. (United States Fidelity & Guaranty Co.),* 113 Pa. Super. 177, 180-81, 172 A. 154, 156 (1934). Toward achieving that remedial end we must, of course, liberally construe the Act, including, notably, its notice requirements. *See Long v. Workmen's Compensation Appeal Board (Anchor Container Corp.),* 95 Pa. Commonwealth Ct. 242, 249, 505 A.2d 369, 372 (1986). Our conclusion would be the same, however, even in lieu of the foregoing principle, which is properly applicable in cases of borderline interpretations of the Act's provisions; there is nothing in the notice sections of the Act which can in any way be said to require that an employee must conform with an employer's internal reporting procedures in order to become entitled to benefits under the Act.

As we have stated, it is not argued that a prompt notice of sufficient quality was not given. The *Board's* conclusion to the contrary was thus unwarranted, and is not, further, supported by the record.

We thus reverse and remand for further proceedings in which the referee is to consider and make findings regarding the medical and causation aspects of the claim, as well as any other relevant issue bearing on the merits.

So ordered.

## ORDER

Now, October 21, 1986, the decision of the Workmen's Compensation Appeal Board, No. A-89300, dated June 12, 1985, is reversed and remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.