Frank R. Henry, Appellant *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Control Products Co., Inc., Appellees.

Submitted on briefs, March 2, 1978, to Judges CRUMLISH, JR., ROGERS and DISALLE, sitting as a panel of three.

*Alexander J. Pentecost,* for appellant.

*Paul D. Kruper,* for appellee, Control Products Co., Inc.

*William C. O'Toole,* Assistant Attorney General, for appellee, Commonwealth of Pennsylvania.

OPINION BY JUDGE CRUMLISH, JR., June 22, 1978:

Claimant/Appellant, Frank R. Henry, filed a claim petition under Section 108(n) of The Pennsylvania Occupational Disease Act (Act), 77 P.S. §1208(n),[1] alleging that his disability resulting in bronchial asthma

---

[1] Act of June 21, 1939, P.L. 566, *as amended,* added by the Act of February 28, 1956, P.L. (1955) 1095, *as amended,* 77 P.S. §1208(n), states in relevant part:

The term 'occupational disease,' as used in this act, shall mean only the following diseases:

. . .

was due to exposure to fiberglass at his Employer's plant.[2] The referee awarded compensation benefits which were assessed against Employer and the Commonwealtth of Pennsylvania (Appellees) on a 40/60 basis. On appeal, the Workmen's Compensation Appeal Board (Board) reversed the referee's decision and found that Claimant failed to prove that he was disabled due to an occupational disease and concluded that Claimant did not prove that his bronchial asthma which exists in the general public is peculiar to his work with fiberglass. Claimant appealed to the Court of Common Pleas which sustained the Board's decision and he now comes to us.

Claimant argues that he has met his burden under Section 108(n) of the Act and that the Board and the court below disregarded competent evidence. He relies on the testimony of Doctor Robert R. Speer, O.D.,[3] who testified that Claimant's condition was due to fiberglass irritation and that asthmatic bronchitis caused by exposure to fiberglass is peculiar to an industry or plant, such as Employer's, which uses fiberglass in its manufacturing process.

Appellees urge that the Board's findings are amply supported by the evidence and that there was no abuse of discretion. They rebut the testimony of Dr. Speer

---

(n) All other occupational diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are peculiar to the industry or occupation, and (3) which are not common to the general population.

[2] Claimant was a wireman for Control Products Company, Inc. (Employer). His duties consisted, in part, of splicing large cables which were insulated with rubber and fiberglass. Splicing produced a heavy concentration of fiberglass dust. Claimant did not wear a protective mask and inhaled the dust.

[3] Doctor Speer, a practitioner of less than two years, is neither a lung specialist nor an internist, but rather an osteopath, specializing in family medicine.

with the findings of Dr. John H. Scott, M.D., an internist, who reported to Employer's insurance carrier, in part, as follows:

> I have reviewed some literature relating to the lungs of workers exposed to fiberglass particles. In the Archives of Environmental Health from July 1971, Dr. Paul Gross and others found that long-term exposure to the dust of fiberglass used for insulation causes no demonstrable gross or microscopic pulmonary damage. Their conclusion was based on the results of a post mortem study of the lungs of twenty fiberglass workers who had had exposure to the dust of fibrous glass for periods ranging from 16-32 years. Dr. George Wright of Cleveland writing in the Archives of Environmental Health in February 1968, found that individuals working in an environment containing airborne particles of fibrous glass for periods of 10-25 years showed no unusual findings on chest x-ray. In other words, the chest x-rays of workers exposed to fibrous glass particles showed no differences from individuals without such exposure.
>
> On the basis of my examination, it is my opinion that Mr. Henry has a mild degree of asthmatic bronchitis. Pulmonary function studies are within normal limits except for a slight elevation in the residual volume. Arterial blood gases were normal. I do not believe that the asthmatic bronchitis has been induced by his occupation, instead, asthmatic bronchitis is fairly common in the general population and is frequently triggered by respiratory infections or various other allergens. In addition, I believe that his history of heavy cigarette smoking until

May of 1972 is quite significant in that such individuals are more prone to development of various types of bronchitis than are non-smokers.

In occupational disease cases, the Board remains the ultimate fact-finder and may disregard the findings of fact of the referee. It is, therefore, the exclusive province of the Board to weigh evidence and accept or reject testimony of witnesses. *See* Section 423 of the Act, 77 P.S. §1523. *See also Dunn v. Merck & Co.*, 463 Pa. 441, 345 A.2d 601 (1975). The findings and conclusions of the Board may not be disturbed unless a violation of the constitutional rights of the appellant, an error of law, or a lack of substantial evidence is discovered. *See Workmen's Compensation Appeal Board v. Ira Berger & Sons*, 470 Pa. 239, 368 A.2d 282 (1977). We can discern no basis in this instant appeal to disturb the findings and conclusions of the Board.

Even in the absence of contradictory medical testimony, Claimant did not sustain his burden of proof under Section 108(n) of the Act. To prevail, Claimant must prove that asthmatic bronchitis due to exposure to fiberglass dust is peculiar to his occupation as a wireman and he must specify the characteristics of its manifestations. *See Greer v. United States Steel Corp.*, 475 Pa. 448, 380 A.2d 1221 (1977). *See also Utter v. Asten-Hill Mfg. Co.*, 453 Pa. 401, 309 A.2d 583 (1973). This Claimant has failed to do. His medical expert, Dr. Speer, testified that, in his opinion, Claimant's bronchial asthma was caused by irritation due to fiberglass and was manifested by shortness of breath and wheezing. However, he failed to specify how and why bronchial asthma was peculiar to Claimant's occupation, nor did he distinguish it from bronchial asthma suffered by the general population.

Accordingly, we

ORDER

AND Now, this 22nd day of June, 1978, the decision of the Court of Common Pleas of Allegheny County is hereby affirmed.