Blackwood Turf and Rockwood Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Francis G. Žuk, Respondents.

Argued June 6, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Mark Gordon*, with him *Fred C. Trenor, Meyer, Darragh, Buckler, Bebenek & Eck*, for petitioners.

*David M. McCloskey, Will & Keisling*, for respondents.

OPINION BY JUDGE WILKINSON, JR., July 10, 1980:

The very narrow issue in this case is whether it falls within the category of those workmen's compensation cases where the causal relationship between claimant's disability and the alleged work related injury is so obvious that it is not necessary to have medical evidence to support the causation. *Morgan v. Giant Markets, Inc.*, 483 Pa. 421, 397 A.2d 415 (1979); *Workmen's Compensation Appeal Board v. Bethlehem Mines Corp.*, 22 Pa. Commonwealth Ct. 437, 349 A.2d 529 (1975).

The disability here is the loss of hearing in the left ear. Claimant had lost the hearing in his right ear many years before as a result of meningitis as a child. Taking the evidence in the light most favorable to the claimant, he was digging post holes which was the sort of work he frequently did. However, these post holes were in ground where there were stones and it required extra effort and sometimes an assist from a chain and truck to remove the stones. Claimant began digging the holes about 8:30 a.m. The following is the claimant's testimony *on direct examination*:

Q. Did anything unusual happen to you that day?

A. Yes, I noticed that hearing in my left ear started to go bad around 10:00 that morning and by noon, I couldn't—I could hear very little out of it, hardly anything.

Q. When were you making this effort to move the heaviest rock that you talked about? Was it before 10:00 or after it?

A. It was before 10:00.

640

On cross examination:

Q. Mr. Zuk, what were you doing when you experienced this pain in your ear?

A. It wasn't a pain in my ear exactly.

Q. What was it that you experienced?

A. It was a loss of hearing. I just noticed that I couldn't hear.

Q. So there was no pain in the ear, it's just that you had lost the ability to hear?

A. Right.

Q. Were you doing something in particular that brought this on?

A. At that time I experienced the loss, we were just working around the fence, like we were before. But, nothing happened, you know, like, I didn't do something and my ear just went all of a sudden.

Q. Was this a gradual loss that occurred over the working day?

A. I'd say it occurred over, like a two hour period from 10:00 to noon.

Claimant received medical care from several doctors. A fair summary, favorable to claimant, would be that there is a high degree of probability that the loss of hearing was caused by the stress of work. The medical evidence could not be more definite than this, without exploratory surgery which was unnecessary, since the hearing in the left ear had returned by seven weeks after its loss.

There is no doubt that in the usual case the burden is on the claimant to establish with unequivocal testimony a causal relationship between the injury and the disability. *Rosenberry Brothers Lumber Co. v. Workmen's Compensation Appeal Board*, 36 Pa. Commonwealth Ct. 283, 387 A.2d 526 (1978). Does the exception apply here? We think not. It is not clear that even had the disability been a back injury that it

would be within the exception for here there was no pain as in *Morgan, supra* at 424, 397 A.2d at 416: "Where one is doing an act that requires force or strain and pain is experienced at the point of force or strain, the injury may be found to have been established. Pain is an excellent symptom of an injury." Furthermore, to hold that lower-back muscle spasms are the obvious result of the strain of pushing a stack of empty pans toward the rear of a truck is one thing, but to hold that the loss of hearing in the left ear is the obvious result of the strain of removing large stones from a post hole is something quite different. We must reverse. In *Simons v. Workmen's Compensation Appeal Board*, 52 Pa. Commonwealth Ct. 575, 415 A.2d 1290 (1980) we held there was no obvious connection between tripping and falling over a stool and three days later undergoing surgery for a detached retina.

Accordingly, we will enter the following

ORDER

AND Now, July 10, 1980, the decision of the Workmen's Compensation Appeal Board of June 28, 1979, at No. A-76580 is reversed.