Stillman Automotive Center, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Worth Chappel, Respondents.

Argued October 8, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Peter J. Weber, Rawle & Henderson,* for petitioner.

*Joseph F. Wusinich, III, Landis & Wusinich,* for respondent.

248

OPINION BY JUDGE BLATT, December 10, 1980:

Stillman Automotive Center, Inc. (petitioner), appeals here from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's denial of the petitioner's attempt to modify the benefits of its former employee, Worth Chappel (claimant). The claimant had suffered a back injury in the course of employment in 1976 and has since been entitled to receive benefits for a total disability, and the referee based his denial of the modification petition on the grounds that the petitioner had failed to show that work was available for the claimant.

It is well settled that an employer seeking to modify a workmen's compensation award or agreement and asserting that the employee's condition of disability is no longer total must prove that such disability has been reduced and that work is available which is within the capabilities of the employee. *Community Medical Center v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 566, 408 A.2d 592 (1979).

It is also well established that review by the Commonwealth Court in a workmen's compensation case, where the party with the burden of proof did not prevail below, is to determine whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence which is the willful, deliberate disbelief of an apparently trustworthy witness, whose testimony one could not possibly challenge. *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 436, 415 A.2d 1275 (1980). The petitioner contends here that the referee capriciously disregarded the evidence of its expert witness concerning the availability of employment to the claimant.

The petitioner argues that the testimony of Dr. Philip Spergel, a rehabilitation psychologist, supports

its contention that jobs were available to the claimant. Although, however, Dr. Spergel testified that he was able to locate certain light-work positions for other job seekers in October of 1978 and that he believed such positions could have been filled by the claimant, he failed to connect these job types explicitly with the claimant's physical capabilities and limitations. Moreover, because Dr. Spergel had never personally interviewed the claimant, he could only assume the extent of the claimant's skills and these assumptions were contradicted, at least to some extent, by the testimony of the claimant and his wife concerning his limitations. While, therefore, Dr. Spergel's testimony seems to be convincing on its face as to the availability of light-work positions available to the claimant, and although no other witnesses testified specifically on the subject of the availability of work, nevertheless, we cannot conclude that "one of ordinary intelligence could not possibly challenge or entertain the slightest doubts" as to the accuracy of Dr. Spergel's testimony, and we consequently cannot hold that the referee capriciously disregarded the evidence. *Bullock v. Building Maintenance, Inc.*, 6 Pa. Commonwealth Ct. 539, 543, 297 A.2d 520, 522 (1972).

The order of the Board will therefore be affirmed.

### ORDER

AND Now, this 10th day of December, 1980, the order of the Workmen's Compensation Appeal Board is affirmed, compensation payment is reinstated, and judgment is entered in favor of the claimant, Worth Chappel, against the petitioner, Stillman Automotive Center, Inc., and/or Underwriters Adjusting Company, as follows:

Compensation for total disability shall be at the rate of $187.00 per week, beginning April 13, 1977, and continuing thereafter up to the present and into the

future during the continuance of the total disability; together with interest at the rate of 10 per cent per annum on all deferred amounts of compensation hereunder.

The said petitioner shall also pay to the said claimant, through claimant's attorney, the costs and expenses, including attorney's fees, of the proceedings below as set forth in the referee's finding of fact No. 10.