Kenneth L. Wilson, Appellant *v.* International Peripheral Systems, Inc. and Commonwealth of Pennsylvania, Appellees.

Submitted on briefs February 6, 1981, before Judges Wilkinson, Jr., Blatt and Williams, Jr., sitting as a panel of three.

*Helen Arseniu White*, for appellant.

*Lisa Roth*, Assistant Attorney General, for appellees.

OPINION BY JUDGE BLATT, March 19, 1981:

Kenneth L. Wilson (claimant) appeals from a decision of the Mifflin County Court of Common Pleas which upheld the decision of the Workmen's Compensation Appeals Board (Board) affirming a referee's denial of benefits.

In order to bring within the terms of the Pennsylvania Occupational Disease Act (Act)[1] a disease which has not been specifically designated as an "occupational disease" in the Act, the claimant must bear the burden of proving that his claim meets all the criteria set out in Section 108(n) of the Act, 77 P.S. §1208(n), *Boniecke v. McGraw-Edison Co.*, 252 Pa. Superior Ct. 467, 381 A.2d 1301 (1977), which provides in pertinent part:

> The term 'occupational disease,' as used in this act, shall mean only the following diseases:
>
> ....
>
> (n) All other occupational diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are peculiar to the

---

[1] Act of June 21, 1939, P.L. 566, 77 P.S. §1201 *et seq.*

industry or occupation, and (3) which are not common to the general population.

A disease which exists in the general public may be considered to be an occupational disease if it is shown by competent evidence that the disease is peculiar to the claimant's occupation by its causes and the characteristics of its manifestation. *Polansky Bakery v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 189, 394 A.2d 1324 (1978). Where no obvious causal connection exists between the claimed disability and the allegedly causative work activity, however, the claimant has the burden of establishing the existence of such a causal relationship by means of unequivocal medical testimony, *Blackwood Turf and Rockwood Insurance Co. v. Workmen's Compensation Appeal Board*, 52 Pa. Commonwealth Ct. 638, 415 A.2d 1291 (1980), and evidence which is less than positive or based on mere possibilities is not legally sufficient to establish causality. *George v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 435, 411 A.2d 294 (1980).

Where the party with the burden of proof did not prevail below, of course, our scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Stillman Automotive Center, Inc. v. Workmen's Compensation Appeal Board*, 55 Pa. Commonwealth Ct. 247, 422 A.2d 1233 (1980). And, in a workmen's compensation case, where the Board took no additional evidence, as is the case here, the referee is the ultimate factfinder as to questions of credibility, conflicting medical evidence, and the weight to be given the evidence. *Roadway Express, Inc. v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 169, 420 A.2d 774 (1980); *Foster Wheeler Energy Corp. v. Ustonofski*, 53 Pa.

Commonwealth Ct. 473, 417 A.2d 1334 (1980), and, having assessed the credibility of the evidence, the referee may exercise his discretion to accept or reject the testimony of any witness in whole or in part. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). If evidence thus accepted is such as a reasonable mind might accept as reasonable to support a conclusion, we are precluded from disturbing the referee's findings, even in the presence of other evidence to the contrary. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board, supra.*

The deposition of the claimant's medical witness, who was a board certified internist and whose treatment of the claimant encompassed a ten-day period during which the claimant was hospitalized in January of 1973, stated that he had originally diagnosed the claimant's condition as chronic pulmonary disease probably brought on by occupational exposure to various chemicals of which cadmium oxide was probably the main offender. The deposition also said that chronic exposure to cadmium oxide will gradually produce a form of emphysema which was said to be the claimant's problem. The final diagnosis given by the same physician in his hospital discharge summary was that the claimant suffered from pneumoconiosis and chronic sinusitis, but his report submitted at the remand hearing stated that his earlier examination of the claimant had disclosed definite evidence of pulmonary disease although clinically the claimant had improved since 1973, probably because he had abstained from smoking and had avoided further exposure to noxious agents. The physician then went on to say, "I still believe that his occupational exposure to cadmium oxide contributed, at least, to his pulmonary disease although there is no way that one can prove or disprove it."

It is well established that evidence which is less than positive and which is couched in terms of "probably" does not rise to the level of the unequivocal medical testimony required to establish causality and "[w]hether medical testimony is equivocal and uncertain on the one hand or unequivocal and positive on the other goes to competency, not credibility; that is, equivocal testimony is incompetent." *Roeberg Enterprise, Inc. v. Workmen's Compensation Appeal Board*, 42 Pa. Commonwealth Ct. 308, 310, 400 A.2d 911, 912 (1979). We do not believe, therefore, that the claimant met his burden of proving, by means of unequivocal medical testimony, that a causal relationship existed between his claimed disability and his work activity.

The referee's decision to accept the reports submitted by the Commonwealth in which its medical witness stated that examination of the claimant disclosed no significant pulmonary impairment and concluded that the claimant was not totally disabled, therefore, was not a capricious disregard of competent evidence and must not be disturbed on appeal.

ORDER

AND, Now, this 19th day of March, 1981, the order of the Court of Common Pleas of Mifflin County, affirming the order of the Workmen's Compensation Appeal Board denying benefits in the above-captioned case is hereby affirmed.