Craig Harlan Stewart, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Bryn Mawr Hospital, Respondents.

Argued September 18, 1981, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

352

*Sheldon Nerenberg*, with him *Allen L. Feingold*, for petitioner.

*James K. Martin*, with him *Frank J. Rubinate*, for respondents.

OPINION BY JUDGE BLATT, November 12, 1981:

Craig Harlan Stewart (claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's denial of benefits because the claimant had failed to sustain his burden of proving a compensable injury within the meaning of The Pennsylvania Workmen's Compensation Act (Act).[1]

On January 4, 1977, the claimant filed a claim petition alleging that in October of 1974, about two months after the commencement of his employment at Bryn Mawr Hospital (employer), he sustained a compensable injury when he was struck in the leg by a wheelchair while performing his duties as an escort-

---

[1] Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1).

aide. On November 12, 1974 he was admitted to the employer-hospital where a diagnosis of phlebitis of the right leg was made, and on January 30, 1977 he was admitted to West Park Hospital where he was surgically treated for varicose veins of the right leg. Both hospital records indicate that no history of trauma was presented. The claimant has unsuccessfully asserted before the referee and the Board that the phlebitis and varicose veins were a direct result of the alleged work-related injury.

Where the party with the burden of proof did not prevail below, our scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Stillman Automatic Center, Inc. v. Workmen's Compensation Appeal Board*, 55 Pa. Commonwealth Ct. 247, 422 A.2d 1233 (1980).

The referee, in denying benefits, specifically rejected the claimant's testimony that he had been struck on the leg by a wheelchair while in the course of his employment and also found that no such incident had ever been reported to the claimant's supervisor. The referee further found that neither the phlebitis nor the varicose vein condition was work-related.

The claimant testified that he had informed his supervisor of the accident. The supervisor testified that she had personally informed him during his orientation program that employees were to report any injury, no matter how minor, to her and that, although the claimant had complained constantly of leg pain almost from the beginning of his employment, he had never informed her of any specific incident in which he had sustained an injury.

In a January 20, 1975 interview with the insurance carrier's claim examiner, a recording of which was admitted into evidence over the claimant's objection,

the claimant stated that while working in late September, 1974, he had experienced intense pain in his right leg of which he had informed his supervisor and that this condition had not been the result of an injury.

The employer's medical witness testified that the claimant had denied having sustained a bump of any kind and concluded that, in his opinion, the claimant's medical history did not support a diagnosis of phlebitis and that no causal connection existed between his leg condition and his employment. The claimant presented medical evidence, by way of deposition based upon a medical examination conducted more than two years after the alleged injury. Basing his opinion upon the history given him by the claimant of phlebitis occurring shortly after a severe bumping episode at work and upon a cursory examination of the hospital record, the deposing physician concluded that a causal relationship existed between the alleged injury and the claimant's phlebitis and varicose vein condition.

Where, as here, no additional evidence was taken by the Board, the referee is the ultimate factfinder as to the credibility and weight to be given conflicting evidence, including medical evidence. *City of Scranton, Department of Fire v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 151, 401 A.2d 889 (1979). The referee, in the exercise of his discretion, may accept or reject the testimony of any witness in whole or in part, and, if the evidence thus accepted is such as a reasonable mind might accept as reasonable to support a conclusion, we are precluded from disturbing the findings of the referee, even in the presence of other evidence to the contrary. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

Injuries are compensable under the Act if they arise in the course of employment and are related thereto. *Thomas v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 449, 423 A.2d 784 (1980). While the record indicates that the claimant suffered one or more physical disabilities for which hospitalization and, ultimately, surgery were required, it contains no evidence other than the claimant's own testimony and that of his physician that a work-related injury ever took place. The testimony of the employer's doctor and the evidence contained in the Bryn Mawr Hospital record of no reported history of trauma were sufficient to support a finding that the claimant had not sustained a job-related injury. Questions of credibility and weight to be accorded conflicting evidence are for the referee and, where, in determining whether or not a work-related injury has occurred, he has chosen to believe the testimony of one doctor over that of another he cannot be said to have capriciously disregarded competent evidence. *Redmond v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 162, 420 A.2d 766 (1980). The referee also chose to believe the supervisor's testimony that no injury was ever reported. The claimant failed to establish that a compensable injury had occurred and, therefore, benefits were properly denied.

We must also reject the claimant's contention that at the time of the hearing the referee erred in failing to permit him access, prior to his testifying, to the previously recorded statement taken by the employer's insurance carrier. Workmen's compensation authorities are not bound by the common law or statutory rules of evidence, and all that is required is that their findings of fact shall be based upon sufficient competent evidence. Section 422 of the Act, 77 P.S. §834. The claimant here, even if denied prior access to his

previously recorded statement, was not thereby prejudiced in his effort to establish the existence of a work-related injury.

ORDER

AND Now, this 12th day of November, 1981, the order of the Workmen's Compensation Appeal Board denying benefits in the above-captioned case is hereby affirmed.