Edward Milton Lersch, Petitioner *v.* Workmen's Compensation Appeal Board (City of Pittsburgh), Respondents.

Submitted on briefs November 13, 1984, to Judges WILLIAMS, JR., BARRY and COLINS, sitting as a panel of three.

*Ronald P. Koerner, Gatz, Cohen, Segal & Koerner,* for petitioner.

*Joan Feldman, Baskin and Sears, P.C.,* for respondent, City of Pittsburgh.

Opinion by Judge Barry, January 29, 1985:

This is an appeal by Edward Milton Lersch (claimant) from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's denial of his claim for benefits under Section 108(o) of The Pennsylvania Workmen's Compensation Act (Compensation Act).[1]

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §27.1(o) reads as follows:

The term "occupational disease," as used in this act, shall mean only the following diseases.

. . . .

(o) Diseases of the heart and lungs, resulting in either temporary or permanent total or partial disability or death, after four years or more of service in fire fighting for the benefit or safety of the public, caused by extreme over-exertion in times of stress or danger or by exposure to heat, smoke, fumes or gasses, arising directly out of the employment of any such firemen.

Claimant was employed by the City of Pittsburgh (respondent) as a firefighter from July 3, 1937, until June 20, 1979. On December 17, 1979, shortly after he retired, he suffered myocardial infarctions. It was found by the referee that these were caused by a hypertensive and arteriosclerotic heart disease. The referee also found that the heart disease had rendered claimant totally disabled. However, he denied benefits because he concluded that claimant's heart disease did not arise directly out of his employment as a firefighter. The Board affirmed the referee's decision. This appeal followed.

In a workmen's compensation case where the causal connection between employment and injury is not an obvious one, the claimant bears the burden of establishing that link through unequivocal medical testimony. *Blackwood Turf and Rockwood Insurance Co. v. Workmen's Compensation Appeal Board*, 52 Pa. Commonwealth Ct. 638, 415 A.2d 1291 (1980). When the party bearing that burden of proof does not prevail below, our scope of review is limited to a determination of whether the findings of fact are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of the competent evidence. *Wilson v. International Peripheral Systems, Inc.*, 58 Pa. Commonwealth Ct. 38, 427 A.2d 293 (1981).

The issue before us on this appeal is whether one of the referee's findings of fact is inconsistent with the other findings and with his legal conclusions. More specifically, we are concerned with finding of fact No. 8 which states that claimant's employment "contributed to or aggravated" his heart disease and findings of fact No. 16 and No. 17 which basically state that claimant failed to sustain his burden of proof because he "failed to establish a nexus between his al-

leged injury and his alleged disability." Claimant argues that in order to recover benefits it is sufficient to prove that his job aggravated or contributed to his disability. It is not necessary to prove that his employment was the sole cause of his occupational disease. We agree.

Our Court recently examined this very issue in *Stanton v. Ben Rubin Ajax Cleaners-Dyers*, 74 Pa. Commonwealth Ct. 628, 460 A.2d 1219 (1983). In that case, the claimant applied for total benefits under the Pennsylvania Occupational Disease Act.[2] The Board's relevant findings were as follows:

> 4. Claimant said diseases were not caused by exposure in the employ of defendant-firm.
>
> 5. Claimant's said diseases were aggravated by exposure to fumes and the like in the employ of the defendant-firm.

We affirmed the order of the Board denying claimant benefits on the ground that the Occupational Disease Act does not provide compensation for the work-related aggravation of a pre-existing disease. This holding was based exclusively on the interpretation of the Occupational Disease Act. In fact, we noted that in cases filed under the occupational provisions of the Compensation Act "a statutory basis exists, under Section 301(c), for determining that the work-related aggravation of a pre-existing occupational disease is an "injury" under the occupational disease provisions of the Compensation Act, even though the occupation-related aggravation is not a separate occupational disease." *Stanton*, 74 Pa. Commonwealth Ct. at 632, 460 at 1221.

The Compensation Act unlike the Occupational Disease Act contains express language referring to

---

[2] Act of June 21, 1939, P.L. 566 §§101-503, *as amended*, 77 P.S. §§1201-1603.

aggravation of a pre-existing injury.[3] Therefore, our Court has construed the work-related aggravation of a pre-existing disease as a compensable "injury" within the meaning of Section 301(c) of the Compensation Act, 77 P.S. §411. *Plasteel Products Corp. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 405, 379 A.2d 908 (1977).

The action before us was filed under the occupational disease provisions of the Compensation Act. As reflected in the referee's findings of fact, claimant has established that he worked as a fireman for over forty years. During his employment he was subject to exertion and was exposed to heat, smoke, fumes or gasses. He established that he is totally disabled from heart disease. And finally, he has established that his employment contributed to or aggravated his heart disease.

We find respondent's reliance on *McCloskey v. Workmen's Compensation Appeal Board,* 501 Pa. 93, 460 A.2d 237 (1983), inapposite. *McCloskey* sets forth a rule in *death* cases, involving an occupational disease, that requires a showing that the occupational disease was a substantial, contributing factor among the secondary causes in bringing about death. We are

---

[3] Section 301(c) of the Compensation Act, 77 P.S. §411 provides, in pertinent parts:

(1) *The terms "injury"* and "personal injury," as used in this act, *shall be construed to mean an injury to an employe, regardless of his previous physical condition,* arising in the course of his employment and related thereto, and such disease or *infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury*
. . . .

(2) *The terms "injury"*, "personal injury," and "injury arising in the course of his employment," as used in this act, *shall include,* unless the context clearly requires otherwise, *occupational disease as defined in section 108 of this act.*
. . . (Emphasis added.)

concerned here with a claim of a work-related *aggravation* of a pre-existing occupational disease.

Based on the foregoing, we find that claimant has sustained his burden of proof and we, accordingly, reverse the order of the Board and remand this case with directions to enter an award for benefits.

ORDER

Now, January 29, 1985, the order of the Workmen's Compensation Appeal Board, Docket No. A-82300, dated February 3, 1983, is reversed and remanded to the Board with directions to enter an award of benefits to claimant.

Jurisdiction relinquished.