571 A.2d 516

**Steve A. SHELESTAK, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BETHLE-HEM MINES CORPORATION), Respondents.**

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1989.

Decided Jan. 2, 1990.

Publication Ordered March 7, 1990.

Ronald J. Zera, with him, William L. Lowman, for petitioner.

William R. Miller, with him, Carl Smith, Ceisler, Richman and Smith, Washington, for respondent, Bethenergy Mines, Inc.

Before CRAIG, BARRY and SMITH, JJ.

## ORDER

NOW, March 7, 1990, it is ordered that the opinion filed January 2, 1990 shall be designated OPINION rather than MEMORANDUM OPINION and that it shall be reported.

CRAIG, Judge.

Steve Shelestak appeals from a decision of the Workmen's Compensation Appeal Board affirming a referee's denial of benefits under section 301(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1).

The issue in this case is whether substantial evidence supports the referee's findings that exposure to coal dust at Bethany Mines neither caused nor aggravated Shelestak's chronic obstructive lung disease (COLD) with components of bronchitis, emphysema and asthma.

Shelestak worked at Bethany Mines as an underground beltman for approximately seven years. Shelestak left work on December 10, 1982, his last day of employment, because of shortness of breath.

For thirty-five years, Shelestak smoked approximately a pack of cigarettes a day. Shelestak quit smoking in June, 1982. During 1982, Shelestak had been treated at a hospital on four separate occasions for shortness of breath.

Shelestak testified that, the first time he had experienced a shortness of breath, he had been at home helping his son unload a truck. Additionally, Shelestak testified that, since leaving Bethany's employment, he has sought medical treatment for shortness of breath.

Based on Shelestak's testimony and medical evidence, the referee concluded that dust at Bethany did not aggravate or cause Shelestak's COLD. The relevant findings of the referee state:

9. Solely as a result of his significant and long cigarette-smoking habit, claimant developed chronic, obstructive lung disease (COLD) with components of bronchitis and emphysema.

10. He also developed adult-onset asthma, the etiology of which is unknown. This asthma is also a component of COLD.

11. The COLD and all of its components were not caused by or related to his employment.

. . . .

14. His alleged disability from December 11, 1982, was unrelated to his employment; it was related to and caused solely by his nonwork-related COLD.

■■■■ The record supports the referee's determination that Shelestak failed to prove a nexus between his employment at Bethany and the aggravation of his asthma. In a workmen's compensation case where the causal connection between employment and injury is not obvious, the claimant bears the burden of establishing that link through unequivocal medical testimony. *Lersch v. Workmen's Compensation Appeal Board,* 87 Pa.Commonwealth Ct. 244, 487 A.2d 66 (1985). In this case, the referee rejected the testimony of Shelestak's doctor. The weighing of testimony is solely within the province of the referee, and his decision to accept

testimony of one competent medical witness over another will not be disturbed on appeal. *Modern Transfer v. Workmen's Compensation Appeal Board*, 47 Pa.Commonwealth Ct. 592, 408 A.2d 900 (1979).

The testimony of Dr. Laman, Bethany's witness, supports the finding that Shelestak's present impairment is not a result of exposure to coal dust at Bethany.

Q. In your opinion, with reasonable certainty, is Mr. Shelestak's present state of disease a result, in whole, or in part, of his former coal mine work?

A. No, it's not a result in whole, or in part, of his former coal work.

Q. Had Mr. Shelestak's former coal mine work contributed in any significant way to any of the medical abnormalities which he has at the present time, or had when you examined him on the two occasions?

A. No.

Shelestak argues that *Pawlosky v. Workmen's Compensation Appeal Board*, 514 Pa. 450, 525 A.2d 1204 (1987), is indistinguishable from this case. We disagree. In *Pawlosky*, the medical experts agreed, and the referee found that the claimant had asthma, and exposure to chemical fumes at the employer's brewery aggravated the condition. In this case, because Shelestak experienced asthmatic attacks while at home, and after his employment at Bethany had ceased, the referee reasonably concluded that factors such as cold, dampness, and laughter, rather than exposure to coal dust, were responsible for Shelestak's asthmatic attacks.

Because we find that substantial evidence exists to support the finding that work-related agents neither caused nor aggravated Shelestak's condition, we affirm.

### ORDER

NOW, January 2, 1990 the order of the Workmen's Compensation Appeal Board, Decision No. A–94006, dated October 21, 1988, is affirmed.