IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Luterman,                         :
                          Petitioner      :
                                          :
          v.                              :    No.  108 C.D. 2021
                                          :    Submitted:  July 2, 2021
School District of Philadelphia           :
(Workers' Compensation                    :
Appeal Board),                            :
                          Respondent      :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                          FILED:  September 14, 2021


        Michael Luterman (Claimant) petitions for review from the January 14,

2021 Order of the Workers' Compensation Appeal Board (Board) that affirmed the

January 28, 2020 Decision and Order of the workers' compensation judge (WCJ),

granting the Petition to Terminate Compensation Benefits (Termination Petition)

filed by the School District of Philadelphia (Employer).

## I.    Background

        On October 19, 2016, Claimant[, a health and physical education
teacher for Employer,] sustained a work-related injury, described as a
soft tissue contusion to the head/temple area, concussion, post-
concussion syndrome, cervical strain/sprain superimposed over
degenerative changes in the cervical spine, and adjustment disorder
with mixed anxiety and depressed mood.  These injuries were accepted

by two Notices of Compensation Payable and a Supplemental Agreement.

Bd. Op., 1/14/21, at 1.

On September 14, 2018, Employer filed a Termination Petition, asserting that Claimant was fully recovered and able to return to work as of August 16, 2018. Reproduced Record (R.R.) at 1a. Claimant filed an Answer denying same.

The matter was referred to the WCJ for disposition, and after conducting three hearings and admitting six exhibits presented by Claimant and four exhibits presented by Employer, the WCJ issued a January 28, 2020 Decision and Order which included Findings of Fact and Conclusions of Law.

## II.    The WCJ's Decision and Order

Employer presented the January 23, 2019 deposition testimony of Dennis McHugh, D.O., a board-certified orthopedic surgeon, which the WCJ summarized as follows. Dr. McHugh examined Claimant on August 16, 2018, and reviewed Claimant's medical records. Claimant returned to work after his October 19, 2016 work incident, but "reportedly was struck on the top of his head with a rubber ball on December 28, 2016. He went out of work on January 17, 2017[,] and has not returned to work." Finding of Fact (F.F.) No. 1.b. A January 31, 2017 magnetic resonance imaging (MRI) of Claimant's cervical spine showed "a tiny herniated disk at C4-C5, a bulge and herniation at C5-C6, as well as a herniation at C6-C7. These changes were compared to previous studies, and there was no significant change found." F.F. No. 1.c. Claimant's medical records revealed that he reported a history of headaches, which began in 2012, and occurred two to three times per month. *Id*. Notes, dated February 2, 2017, in Claimant's medical records indicated that Claimant had a history of chronic neck problems. *Id*. "Motor testing was conducted and revealed no deficits. There was no diagnosis relating to

2

Claimant's neck." *Id.* Dr. McHugh's examination of Claimant found that there were no spasms in Claimant's neck. Dr. McHugh conducted "provocative tests for neuropathy, and these tests were negative." F.F. No. 1.d. Dr. McHugh's examination revealed Claimant had "full strength, normal sensation and normal reflexes in the upper extremities. He had 100 pounds of grip strength on grip strength testing." *Id.* The WCJ found that, "[t]aking into consideration Claimant's history and his review of the voluminous records as well as his examination of Claimant, Dr. McHugh concluded Claimant is fully recovered from his cervical sprain/strain as of [the date of his examination, *i.e.*, August 16, 2018]." F.F. No. 1.e. Dr. McHugh opined that Claimant's work incident resulted in inflammation and a sprain/strain, and concluded that Claimant required no additional medical treatment for his work injury and that he is able to perform his pre-injury job without restrictions. *Id.* Dr. McHugh indicated that preexisting degenerative changes in Claimant's neck did not change as a result of the sprain and strain. *Id.* The WCJ added that Dr. McHugh concluded that an October 10, 2018 MRI study revealed Claimant had "pre[]existing degenerative findings with very little change from the previous MRI." F.F. No. 1.f.

Employer also presented the February 15, 2019 deposition testimony of Christopher King, Psy.D., a licensed psychologist and clinical neuropsychologist. Dr. King evaluated Claimant on April 5, 2018. Claimant reported a history of neck issues since 2011 or 2012 from prior work injuries. F.F. No. 4.b. "Dr. King administered five hours of testing during which time Claimant exhibited no gross or fine motor problems. He had no signs of pain or discomfort, and his mental stamina and physical endurance were normal. Claimant had a pleasant and normal mood."

3

F.F. No. 4.c.  Dr. King reviewed a compilation of Claimant's medical records.  F.F. No. 4.h.  Dr. King concluded that Claimant

> is fully recovered from his concussion, post-concussion syndrome and adjustment disorder with mixed anxiety and depressive mood.  His neuropsychological functioning is normal and there is no evidence of any intellectual decline . . . .   There are no objective findings to substantiate Claimant's subjective complaints.  Claimant requires no further treatment or testing and is able to perform his pre-injury job without restrictions.

F.F. No. 4.k.

Claimant testified by deposition on November 18, 2018.  He testified that his October 2016 work injury was his seventh concussion and neck injury.  He testified that he returned to work for two days and that he was hit in the head again.  F.F. No. 6.a.  Claimant testified that he has headaches nearly every day and that "he has pain in his disc that [does not] ever go away."  F.F. No. 6.e.

Claimant also testified at a hearing before the WCJ, on April 23, 2019, that "[h]e has had light and sound sensitivity and nausea associated with his headaches since 2011."  F.F. No. 6.l.  Claimant has not had any injuries since his previous testimony and has not worked or looked for work.  F.F. No. 6.t.

Claimant presented the March 28, 2019 deposition testimony of Steven Mazlin, M.D., a board-certified neurologist and psychiatrist.  Dr. Mazlin has been treating Claimant since June 5, 2012.  Dr. Mazlin saw Claimant on February 2, 2017 in regard to the October 19, 2016 work injury.  The WCJ found:

> [Dr. Mazlin] diagnosed concussion and unresolved post-concussion syndrome.  Claimant had been hit in the head by a basketball thrown by a student . . . .  He indicated Claimant would need to find another line of work and that he would never clear him to return to work as a gym teacher . . . .   His diagnosis [of Claimant] [was] post-concussion syndrome triggered by a head injury superimposed on a history of

4

migraines and concussions resulting in chronic daily headaches with neck pain.

F.F. No. 2.c. Dr. Mazlin did not agree that Claimant had fully recovered from his work injury. F.F. No. 2.i.

Claimant also presented the April 18, 2019 deposition testimony of William Burstein, M.D., who is board certified in internal medicine. Dr. Burstein first examined Claimant on January 24, 2017. Dr. Burstein diagnosed Claimant with "concussion and post-concussion syndrome, anxiety and depression and chronic cervical pain with underlying cervical disc disease and disc displacement." F.F. No. 3.d. Dr. Burstein's findings included thoracic spine tenderness and lumbar spine limited range of motion and tenderness. F.F. No. 3.e. "Given Claimant's complaints, Dr. Burstein advised he did have a back injury." *Id.*

In addition, Claimant presented the June 6, 2019 deposition testimony of Stephen Murray, Ph.D., who is a clinical psychologist. Dr. Murray first spoke with Claimant on April 18, 2018. Dr. Murray's diagnosis of Claimant is that he suffers from anxiety and depression. The WCJ stated "[w]hile Dr. Murray testified he had not released Claimant to return to work, he never addressed Claimant's ability to work in any of his reports." F.F. No. 4.ee.

Based on the evidence of record, the WCJ did not find Claimant credible that his work injury continues. The WCJ made this finding, in part, as a result of his direct observation of Claimant during live testimony. The WCJ also found that Claimant's testimony contradicted his medical witnesses. F.F. No. 8.b. Further, the WCJ found that "[a]ll of the objective testing performed on Claimant was normal." F.F. No. 8.c.

The WCJ found the testimony of Dr. McHugh to be credible, noting that he is a board-certified orthopedic surgeon who is "well qualified to render

5

opinions regarding the condition of Claimant's cervical spine" and that Dr. McHugh's testimony was very detailed and that he reviewed "voluminous medical records and provided a credible, persuasive opinion regarding the condition of Claimant's neck[,] taking into consideration all of the medical records and Claimant's past history." F.F. No. 9.a.-9.c.

In addition, the WCJ found Dr. King's testimony to be credible, noting that he is a psychologist and clinical neuropsychologist and that he performed hours of objective testing on Claimant. F.F. No. 10.

The WCJ rejected the opinion of Dr. Burstein that Claimant is not fully recovered from his work injury, in part because his testimony conflicted with that of Claimant. Further, he found "Dr. Burstein is an internist and therefore less qualified than Dr. McHugh to render opinions regarding Claimant's cervical condition." F.F. No. 11.

The WCJ also rejected the testimony and opinions of Dr. Mazlin that Claimant had not fully recovered from his work injury. The WCJ stated that there were no objective findings that would support Dr. Mazlin's testimony, and the WCJ did not find Claimant's complaints to be credible. F.F. No. 12.

The WCJ found that Claimant was fully recovered from his work injury as of August 16, 2018. Thus, he granted Employer's Termination Petition. Claimant appealed the WCJ's Decision to the Board.

### III.   The Board's Opinion

The Board affirmed the Decision and Order of the WCJ. In its January 14, 2021 Opinion and Order, the Board concluded:

> Here, [Employer] bore the burden of proof that Claimant's injuries fully ceased. [] [Employer] was able to meet its burden of proof because the WCJ credited Dr. McHugh's testimony that Claimant was

6

fully recovered, could return to work without restrictions, and had no objective medical findings that substantiated Claimant's claims of pain or connected them the to the work injury. Claimant asserts that Dr. McHugh did not consider the entirety of Claimant's accepted work injury. On the contrary, Dr. McHugh specifically acknowledged the injury description as a cervical sprain/strain superimposed over degenerative changes in the cervical spine and opined that Claimant fully recovered from that injury. Claimant also points to inconsistencies within the factual findings. However, our review of the record shows that the WCJ summarized the testimony, and the testimony itself was inconsistent, which was the basis of the WCJ finding that Claimant was not credible. We find no error.

Bd. Op., 1/14/21, at 6. Claimant now petitions this Court for review[1] of the Board's Order.

## IV. Arguments

## A. Claimant's Arguments

Claimant argues that the Board erred by affirming the WCJ because Employer's medical expert based his opinion of Claimant's full recovery on an incorrect understanding of the work injury. Claimant asserts:

> In offering his opinion of full recovery, Dr. McHugh mistakenly believed that the work incident did not have any effect on Claimant's underlying degenerative changes nor did he offer an opinion that Claimant had returned to his pre-injury baseline condition, such that his testimony was legally insufficient to support a termination of benefits. []. Moreover, Dr. McHugh was mistaken in his belief that there was only one traumatic event, where Claimant sustained an additional injury to his head in December of 2016, as he continued to work following the work incident further calling into question the competency of Dr. McHugh's understanding of Claimant's post-injury medical history and his condition.

---

[1] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap)*, 81 A.3d 830 (Pa. 2013).

7

Clearly, Dr. McHugh not only failed to recognize all of the accepted injuries, but based his medical opinions . . . on an incorrect understanding of the extent of the work-related trauma to Claimant's head and its cumulative effect on the cervical spine. As such, the WCJ erred in relying upon his testimony to terminate benefits . . . where such testimony was insufficient to support a termination of benefits . . . .

Accordingly, the Board's Opinion and Order must be vacated and the termination of benefits must be reversed.

Claimant's Br. at 16-17.

## B. Employer's Arguments

Simply stated, Employer argues that the WCJ's Findings of Fact and Conclusions of Law are well supported by substantial competent evidence and in accordance with the law. Further, Employer notes that the WCJ's credibility determinations may not be disturbed on appeal, and accordingly, the Board's Order affirming the WCJ must be affirmed.

Employer adds that

Dr. McHugh recognized the description of injury regarding [Claimant's] cervical spine. He discussed what is meant by a sprain/strain superimposed over degenerative changes in the cervical spine; specifically, the work incident caused an inflammatory aspect or sprain and strain but did not change the pre[]existing degenerative changes in Claimant's neck. He further explained that this [] condition has resolved. Clearly, Dr. McHugh was both aware of the description of injury and his testimony competently established that Claimant is fully recovered from such injury . . . .

Likewise, Claimant's argument [that] Dr. McHugh mistakenly believed [] there was only one traumatic event, rendering his testimony incompetent, is without merit. Although the only injury at issue is the acknowledged October 19, 2016 work injury, Dr. McHugh also obtained a history of the December 28, 2016 incident, which is not an acknowledged work injury, and multiple other head and/or neck injuries. Despite this history, at the time of Dr. McHugh's examination, there were no positive objective findings to substantiate ongoing cervical pathology. Consequently, Dr. McHugh concluded that

8

Claimant is fully recovered from the work injury. The [WCJ] rejected Dr. Burstein's contrary opinions as not credible and her credibility determinations may not be disturbed on appeal.

Clearly Drs. McHugh and King's testimony constitutes substantial competent evidence which supports the [WCJ's] conclusion that Claimant is fully recovered from his work injury as of August 16, 2018. Therefore, the [WCJ] properly granted Employer's [Termination Petition] and the Board's Opinion affirming [the WCJ's] Decision must be affirmed.

Employer's Br. at 21-22.

### V. Discussion

At the outset, we note that termination of benefits is proper where the employer's medical expert testifies unequivocally that the claimant is fully recovered, can return to work without restrictions, and there are no objective medical findings that either substantiate the claims of pain or connect them to the work injury. *Udvari v. Workmen's Comp. Appeal Bd. (US Air)*, 705 A.2d 1290, 1293 (Pa. 1997). The WCJ may accept or reject the testimony of any witness, in whole or in part. *See Wilson v. Int'l Peripheral Sys., Inc.*, 427 A.2d 293 (Pa. Cmwlth. 1981). Determinations of credibility and the weight to be afforded evidence are the prerogative of the WCJ, not the Board. *Vols v. Workmen's Comp. Appeal Bd. (Alperin, Inc.)*, 637 A.2d 711 (Pa. Cmwlth. 1994). The reviewing court may not re-weigh the evidence, it must simply determine whether, upon consideration of the evidence as a whole, findings of the WCJ have the requisite measure of support in the record. *Lehigh Cnty. Vo-Tech Sch. v. Workmen's Comp. Appeal Board (Wolfe)*, 652 A.2d 797 (Pa. 1995).

In the present matter, Claimant contends that Employer's medical expert, Dr. McHugh, did not have the correct understanding of Claimant's work injury and did not address the full extent of the injury as accepted by Employer. Dr.

9

McHugh testified that Claimant's work incident resulted in inflammation and a sprain/strain and that preexisting degenerative changes in Claimant's neck did not change as a result of his work injury. Dr. McHugh then concluded that Claimant required no additional medical treatment for the work injury and that he was able to perform his pre-injury job without restrictions. Dr. McHugh completed a Physician's Affidavit of Recovery to this same effect. In fact, during Dr. McHugh's deposition the following exchange occurred between the doctor and Employer's counsel:

> Q: And, Doctor, the injury in this matter is described as a cervical sprain/strain superimposed over degenerative changes in the cervical spine. Can you explain what that means?
>
> A: Sure. As I'd outlined, the radiological studies had shown some age-appropriate degenerative findings. I think it's semantics when we talk about acute pathology. You can either have an inflammatory issue from the acute event in the muscles. [sic]. You can have an aggravation of pre[]existing degenerative findings. It all culminates in the fact there was a one-time incident when [Claimant] was struck. It caused an inflammatory aspect, meaning acute musculoskeletal changes in the muscles - that would be the sprain and strain - to inflammatory tissues with the already pre[]existing degenerative findings. He had gotten appropriate treatment and, in my opinion, he had resolved both.

Dep. Tr. of Dennis McHugh, D.O., 1/23/19, at 19-20; R.R. at 355a-56a.

The above exchange supports the WCJ's and the Board's respective determinations, as it reveals that Dr. McHugh understood the accepted injury and its relationship to Claimant's degenerative condition and that he concluded Claimant was fully recovered. Claimant's position that Dr. McHugh failed to grasp the nature of the accepted injury or that he was confused about it is not supported by the record. In addition, despite Claimant's assertion to the contrary, Dr. McHugh was clearly

10

aware of Claimant's December 28, 2016 incident, noting in his August 16, 2018 report that Claimant "was struck in the head yet again on December 28, 2016." R.R. at 381a.

In addition, the WCJ accepted the testimony and opinions of Dr. King as credible and rejected the opinions of Dr. Murray. Thus, the WCJ determined that Claimant had fully recovered from the concussion, post-concussive syndrome, and adjustment disorder with mild anxiety and depressed mood aspect of his injury as well.

Accordingly, and in light of the fact that the WCJ's determination was based on the substantial, competent evidence of record and that her credibility determinations were sufficiently explained to enable our review, we see no basis upon which we would disturb the outcome in the present matter.

## VI. Conclusion

For the foregoing reasons, we affirm the January 14, 2021 Order of the Board.

_____
J. ANDREW CROMPTON, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Luterman, : 
            Petitioner : 
            :
        v. :    No.  108 C.D. 2021
            :
School District of Philadelphia : 
(Workers' Compensation : 
Appeal Board), : 
            Respondent :

# **O R D E R**

    **AND NOW**, this 14th day of September 2021, the January 14, 2021 Order of the Workers' Compensation Appeal Board is **AFFIRMED**.

 

 

_____

J. ANDREW CROMPTON, Judge